**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Akelia Adger,

Plaintiff,

vs.

Mary Beyda; Roosevelt School District #66; Benjamin Bassey,

Defendants.

CIV-10-2118-PHX-MHB

**ORDER**

Pending before the Court are Plaintiff's Motion to Remand (Doc. 8) and Defendants' Motion to Dismiss (Doc. 14). After considering the arguments raised by the parties in their briefing, the Court now issues the following ruling.[1]

**BACKGROUND**

This lawsuit arises from Plaintiff Akelia Adger's allegation that Defendant Benjamin Bassey assaulted her while in school and on school property on October 12, 2009. Plaintiff filed a Complaint against Defendants Mary Beyda ("Beyda"), Roosevelt School District #66 ("School District"), and Benjamin Bassey ("Bassey") (named in Plaintiff's Complaint as John Doe Bassey), in the Maricopa County Superior Court on September 10, 2010. In her Complaint, Plaintiff alleges a violation of her civil rights pursuant to 42 U.S.C. § 1983, the

---

[1] Plaintiff's request for oral argument (Doc. 9) will be denied because the parties have fully briefed the issues and oral argument will not aid in the Court's decision. See Partridge v. Reich, 141 F.3d 920, 926 (9th Cir. 1998); Lake at Las Vegas Investors Group, Inc. v. Pacific Malibu Development Corp., 933 F.2d 724, 729 (9th Cir. 1991).

United States Constitution, and Arizona constitutional and statutory provisions. Plaintiff also alleges other numerous state law claims against Defendants including negligence, assault, and intentional infliction of emotional distress. Defendants, subsequently, removed the action to this Court on October 4, 2010.

## DISCUSSION

### A. Motion to Remand

Despite including a 42 U.S.C. § 1983 claim in her Complaint, Plaintiff has filed a motion to remand this case to state court. Plaintiff concedes that she pleaded a federal cause of action, but argues that the "remedial provision of § 1983" fails to confer jurisdiction to this Court. The Court finds this argument unpersuasive. 28 U.S.C. § 1441(b) provides that any action over which a federal court would have original federal question jurisdiction may be removed. Count 4 of Plaintiff's Complaint alleges, *inter alia*, a violation of civil rights pursuant to 42 U.S.C. § 1983 and the United States Constitution. The Court has original jurisdiction of § 1983 claims, see Lee v. City of Beaumont, 12 F.3d 933, 935 (9th Cir. 1993) (overruled in part on other grounds), and over all claims that arise under the Constitution, laws, or treaties of the United States, see 28 U.S.C. § 1331.

Because the Court has original federal question jurisdiction over the § 1983 claim, Defendants properly removed this case. See 28 U.S.C. § 1441(a). Further, under 28 U.S.C. § 1367(a), the Court may exercise supplemental jurisdiction over Plaintiff's state law claims. The Court finds no reason to decline to exercise its supplemental jurisdiction because all of the claims derive from the same set of facts and do not involve complex or novel issues of Arizona law.

Because the Court has jurisdiction over this case, the Court will deny Plaintiff's Motion to Remand (Doc. 8).

### B. Motion to Dismiss

In their Motion to Dismiss, Defendants contend that (1) Plaintiff's state law claims against the School District and Bassey should be dismissed for failure to comply with

Arizona's notice of claim statute; (2) Plaintiff has failed to state a § 1983 claim against the School District or Beyda; and (3) Plaintiff has failed to state a claim for any state law violation against Beyda.[2]

The Federal Rules of Civil Procedure require a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 248-49 (9th Cir. 1997). Thus, dismissal for insufficiency of a complaint is proper if the complaint fails to state a claim on its face. See Lucas v. Bechtel Corp., 633 F.2d 757, 759 (9th Cir. 1980). A Rule 12(b)(6) dismissal for failure to state a claim can be based on either: (1) the lack of a cognizable legal theory; or (2) insufficient facts to support a cognizable legal claim. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990); Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984).

In determining whether an asserted claim can be sustained, all allegations of material fact are taken as true and construed in the light most favorable to the non-moving party. See Clegg v. Cult Awareness Network, 18 F.3d 752, 754 (9th Cir. 1994). As for the factual allegations, the Supreme Court has explained that they "must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, --- U.S. ----, ----, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007). In ruling on a motion to dismiss, the issue is not whether the plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims. See Gilligan, 108 F.3d at 249.

**1. Plaintiff's state law claims against the School District and Bassey**

Defendants have moved to dismiss the state law claims asserted against the School District and Bassey claiming that Plaintiff has failed to comply with Arizona's notice of claim statute. Defendants contend that Plaintiff was required to file a notice of claim with each of these Defendants, and that her failure to do so bars her state law claims against them.

---

[2] Defendants also allege that Plaintiff has failed to properly serve the Complaint. The Court will address this portion of Defendants' Motion at the conclusion of this Order.

"A claimant who asserts that a public employee's conduct giving rise to a claim for damages was committed within the course and scope of employment must give notice of the claim to *both* the employee individually and to his employer." See Crum v. Superior Court, 922 P.2d 316, 317 (Ariz. Ct. App. 1996) (citing Johnson v. Superior Court, 763 P.2d 1382, 1384 (Ariz. Ct. App. 1988). The statute authorizing claims against public employees provides, in relevant part:

> Persons who have claims against a public entity or a public employee shall file claims with the person or persons authorized to accept service for the public entity or public employee as set forth in the Arizona rules of civil procedure within one hundred eighty days after the cause of action accrues. The claim shall contain facts sufficient to permit the public entity or public employee to understand the basis upon which liability is claimed. The claim shall also contain a specific amount for which the claim can be settled and the facts supporting that amount. Any claim which is not filed within one hundred eighty days after the cause of action accrues is barred and no action may be maintained thereon.

A.R.S. § 12-821.01(A). These statutory requirements serve "to allow the public entity to investigate and assess liability, to permit the possibility of settlement prior to litigation, and to assist the public entity in financial planning and budgeting." Falcon ex rel. Sandoval v. Maricopa County, 144 P.3d 1254, 1256 (Ariz. 2006) (quoting Martineau v. Maricopa County, 86 P.3d 912, 915-16 (Ariz. Ct. App. 2004)). Claims that do not comply with the statute are barred and no action may be maintained. See A.R.S. § 12-821.01.

A failure to exhaust non-judicial remedies should be treated as a matter in abatement, which is subject to an unenumerated Rule 12(b) motion to dismiss. See Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). In deciding a motion to dismiss for failure to exhaust non-judicial remedies, the court may look beyond the pleadings and decide disputed issues of fact. See id. at 1119-20.

In support of their Motion to Dismiss, Defendants have attached the "Notice of Claim concerning Ms. Akelia Adger," which was specifically addressed to "Mary Beyda" as Superintendent of Roosevelt School District #66 and served upon Beyda's assistant, Raquel Robles ("Robles"). Defendants also attached Robles' affidavit stating that (1) she received

the "Notice of Claim concerning Ms. Akelia Adger" addressed to Beyda; (2) she did not receive a notice of claim addressed to the School District or Bassey; and (3) she is not authorized to accept service on behalf of either the School District or Bassey. Lastly, Defendants attached the affidavit of Beyda stating that she is not authorized to accept service of behalf of the School District.

In response, Plaintiff asserts that she "timely and properly served her Notice of Claim" on April 8, 2010, by serving all parties. Plaintiff directs the Court to an affidavit of service – but has failed to provide any such document to Defendants or the Court.

Rule 4.1(i) of the Arizona Rules of Civil Procedure provides that service upon the School District be effected by serving legal papers upon the chief executive officer, the secretary, or clerk of the Board. For the purposes of Rule 4.1(i), the governing board is the chief executive officer of the School District and to properly effect service upon the chief executive officer of the School District, each member of the governing board must be served.[3] Further, Rule 4.1(d) provides that service upon an individual be effected by serving legal papers upon the individual in person or at their place of abode with some person of suitable age and discretion then residing therein.

The evidence before the Court demonstrates that the only person served with any legal papers[4] was Robles, Beyda's assistant – not each member of the governing board and not Bassey. Robles is not authorized to accept service on behalf of the School District or Bassey. Plaintiff's conclusory statement that she did "perfect service" of her Notice of Claim lacks support.

---

[3] Falcon, 144 P.3d 1254; Batty v. Glendale Union High School District No. 205, 212 P.3d 930 (Ariz. Ct. App. 2009).

[4] Robles was served the Notice of Claim, as well as the Complaint, Summons, Civil Coversheet, Verification, and Certification of Arbitration.

Thus, Plaintiff having failed to comply with Arizona's notice of claim statute as to the School District and Bassey, the Court will grant Defendants' Motion to Dismiss with respect to the state law claims against these Defendants.

**2. Plaintiff's § 1983 claims against the School District and Beyda**

To state a claim under 42 U.S.C. § 1983, "a plaintiff must show (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right." Wood v. Ostrander, 879 F.2d 583, 587 (9th Cir. 1989)). "In order for a person acting under color of state law to be liable under section 1983 there must be a showing of personal participation in the alleged rights deprivation: there is no respondeat superior liability under section 1983." Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

To succeed on a § 1983 cause of action against the School District, Plaintiff must allege that she was the victim of some official act of the School District, that the violation resulted from the enforcement of some official policy, custom, or practice of the School District, or that the deprivation was the product of deliberate indifference to the need for training. See, e.g., Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 694-95 (1978). As the Supreme Court has summarized, a political subdivision "cannot be held liable unless a … policy or custom caused the constitutional injury." Leatherman v. Tarrant County Narcotics Intell. & Coordination Unit, 507 U.S. 163, 166 (1993); see also McGrath v. Scott, 250 F.Supp.2d 1218, 1222-23 (D. Ariz. 2003) ("municipal liability depends upon enforcement by individuals of a municipal policy, practice, or decision of a policymaker that causes the violation of the Plaintiff[']s federally protected rights").

Plaintiff makes no such allegation here. She does not claim that the alleged deprivation was the product of any official act or policy by the School District. She does not allege that the denial of rights resulted from the enforcement of any practice or custom of the School District. Nor does she allege that the supposed deprivation was caused by the School District's own deliberate indifference to some alleged need for training in some area. The

Court finds that Plaintiff's Complaint fails to allege any wrongful action or inaction by the School District. Therefore, Plaintiff fails to state a viable claim against the School District pursuant to § 1983.[5]

As to Beyda, "[s]upervisory liability is imposed against a supervisory official in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates, for his acquiescence in the constitutional deprivations of which the complaint is made, or for conduct that showed a reckless or callous indifference to the rights of others." Menotti v. City of Seattle, 409 F.3d 1113, 1149 (9th Cir. 2005) (quoting Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir. 1991)).

Plaintiff, again, makes no such allegation. The Complaint does not assert any "personal participation" by Beyda in the alleged deprivation of rights, and Plaintiff fails to plead any facts that would suggest that Beyda took part in the denial of a federal, constitutional or statutory right. Further, Plaintiff fails to state that Beyda has demonstrated a callous indifference towards Plaintiff's rights. Thus, Plaintiff fails to state a claim against Beyda pursuant to § 1983.

Accordingly, the Court will grant Defendants' Motion to Dismiss as to Plaintiff's claims alleged pursuant to § 1983 against the School District and Beyda.

\\\

\\\

\\\

---

[5] Plaintiff fails to respond to Defendants' argument regarding her § 1983 claim against the School District except to state that Defendants have made contradictory assertions in their Motion to Dismiss and their Response to Plaintiff's Motion to Remand. Plaintiff apparently finds it incongruous that Defendants argue that Plaintiff has failed to state a claim pursuant to § 1983 in their Motion to Dismiss, and "state just the opposite in their Response to the Plaintiff's Motion to Remand." The Court, however, has subject matter jurisdiction to decide a federal claim on the merits – even if the claim is unsuccessful. See, e.g., Keniston v. Roberts, 717 F.2d 1295, 1298 (9th Cir. 1983).

**3. Plaintiff's state law claims against Beyda**

Defendants argue that all of Plaintiff's state law claims against Beyda should be dismissed for failure to state a claim. Defendants contend that throughout Plaintiff's Complaint, there is no distinction among the numerous Defendants as each cause of action simply refers to "Defendants," and the only specific mention of Beyda occurs on page 2, paragraph 12(a) of the Complaint stating that "Mary Beyda is a person who's place of work is located at 6000 South 7th Street, Phoenix, Arizona, 85042." Plaintiff has not responded to Defendants' argument. The Court finds that the uncontroverted papers of Defendants are sufficient to support the assertion that Plaintiff has failed to state a claim against Beyda. Other than Beyda's work address, the Complaint does not allege a single fact that supports Plaintiff's conclusory statements that Beyda is liable for the aforementioned causes of action. See also LRCiv 7.2(i) (if a party files a motion, and the opposing party "does not serve and file the required answering memoranda, ... such non-compliance may be deemed a consent to the ... granting of the motion and the Court may dispose of the motion summarily").

The Court will grant Defendants' Motion to Dismiss as to Plaintiff's state law claims alleged against Beyda.

**CONCLUSION**

In accordance with the foregoing discussion,

**IT IS ORDERED** that Plaintiff's Motion to Remand (Doc. 8) is **DENIED**;

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss (Doc. 14) is **GRANTED in part** and **DENIED in part**. Defendants' Motion to Dismiss is granted with respect to (1) Plaintiff's state law claims against the School District and Bassey for failure to comply with Arizona's notice of claim statute; (2) Plaintiff's § 1983 claim against the School District and Beyda for failure to state a claim; and (3) Plaintiff's remaining state law claims against Beyda for failure to state a claim. Defendants' Motion is denied as to Defendants' request that the Court dismiss the remaining § 1983 claim against Bassey for failure to serve the Complaint;

**IT IS FURTHER ORDERED** that Bassey shall file an answer to Plaintiff's Complaint no later than twenty (20) days from the date of this Order.

DATED this 9th day of June, 2011.

Michelle H. Burns
United States Magistrate Judge